# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**J&R PEARCE READY MIX LLC**,

   Plaintiff,

v.

**SDB MANUFACTURING CORP.**,

   Defendant.

Case No. 8:20-CV-01515

## COMPLAINT

Plaintiff J&R Pearce Ready Mix LLC states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff J&R Pearce Ready Mix LLC ("J&R Pearce") is an Arizona limited liability company that is duly authorized to transact business in the state of Arizona.

2. J&R Pearce has two members, Rick Pearce and Glenn Pearce. Both of J&R Pearce's members are domiciled in, and citizens of, the state of Arizona. Therefore, J&R Pearce is a citizen of Arizona.

3. Defendant SDB Manufacturing Corp. ("SDB") is a Florida corporation, with its principal place of business in Florida. Upon information and belief, SDB is duly authorized to transact business in the state of Florida. Therefore, SDB is a citizen of Florida.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among Plaintiff and Defendant and, as explained in detail below, the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

6.      In November 2019, J&R Pearce ordered a Concrete Batching Plant from SDB for $155,600.  A Concrete Batching Plant consists of pieces of equipment that combine several materials to make concrete.

7.      On November 13, 2019, J&R Pearce signed an Acceptation[sic] Contract reflecting the specifications of the Concrete Batching Plant to be provided by SDB (the "Contract").  A true and correct copy of the Contract is attached as **Exhibit A**.

8.      J&R Pearce paid SDB an initial deposit of $20,600 and agreed to pay the remaining balance through financing.

9.      Pursuant to the terms of the Contract, SDB was to deliver a variety of equipment, including bins, silos, and conveyors, to J&R Pearce in Arizona 10-12 weeks after SDB received the first payment from J&R Pearce.  *See* Ex. A.  The estimated delivery date of the Concrete Batching Plant was February 14, 2020.

10.     J&R Pearce financed the purchase of the Concrete Batching Plant through a loan from North Mill Credit Trust.  In order to secure its loan of $135,000, North Mill Credit Trust required that J&R Pearce enter into a Commercial Security Agreement for North Mill Credit Trust to retain a security interest in the Concrete Batching Plant's collateral and equipment.

11.     J&R Pearce paid SDB $135,000, the entire remaining balance of the Contract, on November 19, 2019.

12. Since receiving full payment from J&R Pearce in November 2019, SDB has delivered approximately one-third (1/3) of the Concrete Batching Plant's equipment and components.

13. Even as to the 1/3 of the Concrete Batching Plaint delivered to date, the equipment and components that have been delivered by SDB to J&R Pearce are incomplete and unusable because SDB (1) did not complete the manufacturing process; (2) omitted essential parts; (3) failed to include the customary serial numbers; and/or (4) did not provide the promised schematic drawings to J&R Pearce.

14. After SDB failed to timely deliver the complete Concrete Batching Plant to J&R Pearce, Mr. Glenn Pearce, a member of J&R Pearce, traveled to Florida to meet with SDB and to complete the order, in part because J&R Pearce was paying monthly interest and principal on its loan to North Mill Credit Trust for a Concrete Batching Plant that it never received.

15. SDB dodged Mr. Pearce's efforts to complete the order, and as of the date of this Complaint, has failed to send J&R Pearce the complete Concrete Batching Plant that it agreed to provide in exchange for $155,600.

16. SDB has materially breached the Contract and its obligations to J&R Pearce, resulting in substantial damages to J&R Pearce and requiring specific performance by SDB.

17. Plaintiff reserves the right to amend this Complaint as it discovers all of the material facts and considers what further claims, damages, and remedies may be available.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract, Requesting Specific Performance)**

18. J&R Pearce repeats and realleges all of the foregoing allegations as if set forth fully herein.

19. The Contract constitutes a valid and enforceable agreement between J&R Pearce and SDB, whereby SDB agreed to provide a Concrete Batching Plant to J&R Pearce in exchange for payment of $155,600.

20. The Contract is definite and certain in all of its essential elements.

21. J&R Pearce has performed all of its obligations under the Contract.

22. SDB has materially breached the Contract by failing to timely provide to J&R Pearce the Concrete Batching Plant pursuant to the agreed-upon specifications.

23. There is no adequate remedy at law for SDB's breach because the Contract contains a limitation of damages provision.  J&R Pearce maintains that the limitation of damages provision in the Contract is not enforceable.

24. Therefore, justice requires that the Court order specific performance.

25. By virtue of the foregoing and pursuant to F.S.A. § 672.716, J&R Pearce requests that this Court enter a decree of specific performance ordering SDB to provide the agreed-upon Concrete Batching Plant.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract, Requesting Damages, in the Alternative)**

26. J&R Pearce repeats and realleges all of the foregoing allegations as if set forth fully herein.

27. The Contract constitutes a valid and enforceable agreement that is definite and certain in all of its essential elements.

28. J&R Pearce has performed all of its obligations under the Contract.

29. SDB has materially breached the Contract by failing to timely provide to J&R Pearce the Concrete Batching Plant pursuant to the agreed-upon specifications.

30. As a result of SDB's material breach of the Contract, J&R Pearce has been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment, in the Alternative)

31. J&R Pearce repeats and realleges all of the foregoing allegations as if set forth fully herein.

32. As set forth herein, J&R Pearce paid SDB $155,600.

33. SDB has unjustly retained this payment because it never provided J&R Pearce with the agreed-upon Concrete Batching Plant.  Moreover, of the equipment and components SDB has provided to J&R Pearce, they are incomplete and unusable.

34. SDB has been enriched by the payment from J&R Pearce, and it would be unjust for SDB to retain it without having provided the complete and agreed-upon Concrete Batching Plant.

35. As a result of SDB's unjust enrichment, J&R Pearce has been damaged in an amount to be proven at trial.

## DEMAND FOR RELIEF

Accordingly, Plaintiff J&R Pearce Ready Mix LLC demands that judgment be entered in its favor and against Defendant SDB Manufacturing Corp. as follows:

A. For an order of specific performance ordering SDB Manufacturing Corp. to provide Plaintiff with the complete and agreed-upon Concrete Batching Plant;

B. For damages against SDB Manufacturing Corp. in an amount to be determined at trial;

C. For pre- and post-judgment interest at the highest rate permitted by law; and

D. For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of July, 2020.

/s/ S. Douglas Knox
S. Douglas Knox, Esq.
Florida Bar No. 849871
J. Kirby McDonough
Florida Bar No. 79031
SPENCER FANE LLP
201 North Franklin Street, Suite 2150
Tampa, FL 33602
Tel: 813-424-3500
Fax: 813-405-8904
dknox@spencerfane.com
kmcdonough@spencerfane.com
Attorney for Plaintiff
J&R Pearce Ready Mix LLC

PH 410059.4